IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. _____ |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| DELAWARE DEPARTMENT OF ) | |
| INSURANCE, ) | |
| ) | |
| Respondent. ) | |

### DECLARATION OF IRS REVENUE AGENT BRADLEY KELTNER

I, Bradley K. Keltner, declare under 28 U.S.C. § 1746:

1. I am a duly commissioned Revenue Agent employed in the Large Business & International Division of the IRS with a post of duty at Bowling Green, Kentucky. I am authorized to issue administrative summonses under 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and Internal Revenue Service Delegation Order No. 25-1 (formerly Delegation Order No. 4).

2. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify to such matters, could do so competently.

3. In my capacity as a Revenue Agent, I am conducting an investigation for the purpose of determining the role of Artex Risk Solutions, Inc. ("Artex") in transactions involving captive insurance plans and other potentially abusive transactions. Tribeca Strategic Advisors, LLC ("Tribeca") is fully owned by Artex as of 2010, and I am also investigating its role in transactions involving captive insurance plans and other potentially abusive transactions.

4. This investigation seeks to determine whether Artex or Tribeca are subject to penalties under 26 U.S.C. § 6700. That statute imposes a penalty on any person who organizes or sells a plan or arrangement, and in connection therewith, makes a statement with respect to the allowance of any deduction or credit, the excludability of any income, or the ability to secure any

1

tax benefit by participating in that plan or arrangement that the person knows or has reason to know is false or fraudulent in any material matter.

5. As part of the Artex investigation, I have obtained email correspondence between Artex and the Delaware Department of Insurance ("the DDOI"). This correspondence was produced to the IRS as part of a response from Artex to an administrative summons served on Artex.

    a. In email correspondence that occurred on February 25, 2013, the DDOI agreed to issue Certificates of Authority to an Artex client with a certificate date of December 31, 2012. A true and correct copy of that email is attached as Exhibit 3.

    b. In another email, the Director of the Bureau of Captive and Financial Insurance Products declines a dinner invitation from Artex. As the director explains, "[i]t's not that we don't want to, but we've already accepted the invitation of another captive manager for dinner" that evening. The Artex employee and the director then schedule a breakfast at the Green Room in the Hotel Dupont with six DDOI employees the following morning. A true and correct copy of this email is attached as Exhibit 4.

6. The DDOI issued approximately 191 insurance certificates of authority to micro-captive insurance companies created by Artex. The summons seeks to obtain information about Artex and Tribeca for the purpose of better understanding any arrangement managed by Artex or Tribeca wherein captive insurance companies provided either insurance or reinsurance. It also seeks to obtain information to understand the role of Artex and Tribeca in promoting micro-captive insurance transactions to taxpayers and to determine whether Artex and/or Tribeca may be liable for penalties pursuant to Internal Revenue Code section 6700 for such activities.

7. On October 30, 2017, in furtherance of my investigation, I issued an IRS administrative summons to the DDOI. The summons directed the DDOI to appear before me or my designee at 9:00 a.m. on November 29, 2017 at 844 King Street, Wilmington, Delaware, in order to, *inter alia*, provide all electronic mail between the DDOI and Artex or Tribeca related to Delaware's captive insurance program. (Ex. 1 at 17). The summons also demanded the DDOI provide testimony. (Id. at 1). A true and correct copy of the summons is attached as Exhibit 1.

8. In accordance with 26 U.S.C. § 7603, Revenue Agent Tyrran P. Coleman served an attested copy of the summons directed to the DDOI by hand delivery on October 30, 2017 at 11:07 a.m. A true and correct copy of the certificate of service is attached. (Ex. 1 at 2).

9. The respondent failed to appear at the appointed time and, to date, has failed to fully comply with the summons.

10. On or about November 28, 2017, the DDOI provided a response that included approximately 169 pages of documents.

11. On or about April 30, 2018, the DDOI provided a supplemental response. It included approximately 125 pages of documents. None of these additional documents included any emails.

12. After the IRS referred this case to the Department of Justice to bring this summons enforcement action, the DDOI produced certain documents that are not client-specific documents that are responsive to the summons. It has currently produced approximately 1591 pages of such documents.

13. The DDOI also represented that it sent requests to some or all of the 191 micro-captive insurance companies identified above in paragraph 6, asking those companies to consent to the DDOI's release to the IRS of documents responsive to the IRS summons. As of today, the

DDOI has produced approximately 18,331 pages associated with 16 micro-captive insurance companies that are responsive to the IRS summons.

14. Aside from those documents described in paragraphs 10 through 13, above, the testimony of the DDOI and the documents described in Request 1 of the summons are not already in the possession of the IRS.

15. A comparison of the documents produced by the DDOI thus far to the documents produced by Artex in the summons enforcement action against Artex indicates that there are documents responsive to Request 1 of the summons in the possession of the DDOI that the DDOI has not produced.

16. The additional testimony, books, records, papers, and other data sought by the Request 1 of the summons may be relevant to this investigation. Specifically, the IRS seeks to determine Artex and Tribeca's roles in transactions involving captive insurance plans and other potentially abusive transactions in order to determine whether those transactions were abusive transactions, and whether Artex or Tribeca made false or fraudulent statements in organizing those abusive transactions.

17. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Artex or Tribeca for the years under investigation.

18. All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6-17-20

Bradley Keltner
IRS Revenue Agent

4