# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-829-MN-CJB |
| | ) | |
| DELAWARE DEPARTMENT OF INSURANCE, | ) | |
| | ) | |
| Respondent. | ) | |

## ERRATA ORDER

WHEREAS, the Court issued a Report and Recommendation, (D.I. 28), dated July 16, 2021, in the above-captioned case which requires correction;

NOW THEREFORE, IT IS HEREBY ORDERED that: (1) the sentence on page 20 of the Report and Recommendation reading, "The parties agree that application of the federal priority statute would 'invalidate, impair, or supersede' the Ohio priority scheme and that the federal priority statue does not 'specifically relat[e] to the business of insurance.'" is corrected to read: "The parties agree that application of the federal priority statute would 'invalidate, impair, or supersede' the Ohio priority scheme and that the federal priority statute does not 'specifically relat[e] to the business of insurance.'"; (2) the sentence on page 26 of the Report and Recommendation reading, "The statue also carves out two exceptions to this edict." is corrected to read: "The statute also carves out two exceptions to this edict."; (3) the sentence on page 29 of the Report and Recommendation reading, "Relatedly, the statue does not appear to be about the 'relationship between insurer and insured' or the 'relationship between the insurance company and the policyholder.'" is corrected to read: "Relatedly, the statute does not appear to be about the 'relationship between insurer and insured' or the 'relationship between the

insurance company and the policyholder.'"; (4) the sentence on page 30 of the Report and Recommendation reading, "Now, one could really stretch the meaning and import of Section 6920's text and argue that (as DDOI does) the statue is actually about the 'licensing' of insurance companies." is corrected to read:  "Now, one could really stretch the meaning and import of Section 6920's text and argue that (as DDOI does) the statute is actually about the 'licensing' of insurance companies."; and (5) the sentence on page 32 of the Report and Recommendation reading, "Verus argued that these state statues and the MFA preempted Federal Rule of Civil Procedure 45 (which would otherwise have permitted the lead plaintiffs to subpoena such documents) and Federal Rule of Evidence 501 (which the Court had construed not to recognize a common law insurance examination privilege)." is corrected to read:  "Verus argued that these state statutes and the MFA preempted Federal Rule of Civil Procedure 45 (which would otherwise have permitted the lead plaintiffs to subpoena such documents) and Federal Rule of Evidence 501 (which the Court had construed not to recognize a common law insurance examination privilege)."

Dated:  September 21, 2021

Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE